# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br>Plaintiff,<br>v.<br>MERRILL LYNCH, et al.,<br>Defendants. | Case No. 1:16-cv-01352-LJO-SAB<br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br>THIRTY DAY DEADLINE |

Plaintiff Melanie Latronica, proceeding pro se and in forma pauperis, filed this action on September 12, 2016. For the reasons discussed below, the Court dismisses Plaintiff's complaint with leave to amend.

**I.**

**SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

**II.**

**DISCUSSION**

Plaintiff states in her complaint that she is seeking an order directing Defendants to stop their ongoing crimes against Plaintiff and Plaintiff's family. (Compl. at 3[1], ECF No. 1.) Plaintiff also seeks an injunction to restore her to her original self and asks the Court to apprehend and prosecute some of the defendants. (Compl. at 7, 9.) Plaintiff names numerous defendants, including many private companies. (Compl. at 1-2, 4.) Plaintiff alleges violations of the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. (Compl. at 5.) Plaintiff also alleges violations of 47 U.S.C. § 533, 28 U.S.C. § 1343(a)1-4, and 42 U.S.C. §§ 1983 and 1985. (Compl. at 3.) Plaintiff cites 18 U.S.C. §§ 241, 242, 1365, 1512, 1581, 1584, 1590-1597, 1801, 2340, and 3771. (Compl. at 3, 6.)

Plaintiff alleges that the reason for the action is "[t]orture, life deprivation, solar torture in UX bodies for the purpose of suicide nonstop since the beginning of 2012 after defendants already stole and destroyed 40 years of Plaintiff(s) life." (Compl. at 3.) Plaintiff contends that she was stolen as a baby. (Compl. at 4.) Plaintiff alleges that she and her family were being switched and traded while in Los Banos, Merced, Sacramento, Fresno, Contra Costa County, and out of state. (Compl. at 5.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones

[1] Page numbers refer to CM/ECF page numbers that are stamped at the top of the pages.

v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiff's claim. Id. The Court finds that Plaintiff's allegations are largely incomprehensible, are fanciful, and fail to state a cognizable claim. Therefore, Plaintiff's complaint must be dismissed. However, the Court will grant Plaintiff the opportunity to amend her complaint.

## III.

## ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff should clearly and briefly set forth the facts in support of each claim and should supply the facts necessary to link the alleged violation of her constitutional right to acts or omissions of the Defendants. Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). However, Plaintiff should not argue and should not set forth a lengthy description of immaterial facts.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Finally, Plaintiff is warned that if she states incomprehensible and fanciful allegations in her amended complaint, she will not be provided another opportunity to amend her complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 26, 2016**

UNITED STATES MAGISTRATE JUDGE