# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, et al.,<br><br>Defendants. | Case No. 1:16-cv-01352-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTION FOR AN INJUNCTION AS MOOT<br><br>(ECF Nos. 9, 10) |

Plaintiff Melanie Latronica, proceeding pro se and in forma pauperis, filed this action on September 12, 2016. On September 26, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 5.) On September 27, 2016, Plaintiff filed a complaint dated September 23, 2016, and therefore, it was filed prior to Plaintiff receiving the Court's order dismissing the complaint with leave to amend. (ECF No. 6.) On October 11, 2016, Plaintiff filed a notice that she had received the Court's order dismissing her complaint and that she would be filing an amended complaint. (ECF No. 8.) On October 21, 2016, Plaintiff filed a first amended complaint ("FAC") and a motion for injunction. (ECF Nos. 9, 10.) For the reasons discussed below, the Court recommends that Plaintiff's first amended complaint be dismissed without leave to amend and that Plaintiff's motion for an injunction be denied as moot.

## I.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In

determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

The operative complaint in this action is Plaintiff's first amended complaint filed on October 21, 2016, which superseded any prior complaints.[1]  In her first amended complaint, Plaintiff seeks an order directing Defendants and persons who are committing violations against Plaintiff to stop.  (FAC at 7.) [2]  Plaintiff seeks an injunction, protective order, and restraining order to restore her to her original self.  (FAC at 3.)  Plaintiff names numerous defendants, including many private companies.  (FAC at 1-2, 3.)

All of Plaintiff's filings contain similar incoherent statements.  The allegations in Plaintiff's first amended complaint are largely nonsensical.  For example, Plaintiff alleges that "[t]he claim against the defendants is for torture; Para-Sagittal Plane and Velocity Servo Systems; all forms of control systems, CT systems, dynamics, integration systems, half's, (CDS)

---

[1] As Plaintiff is pro per, the Court construes Plaintiff's filings liberally.  The Court notes that Plaintiff's September 27, 2016 filing was superseded by the October 21, 2016 first amended complaint.  Nevertheless, the Court has reviewed the September 27, 2016 filing, and it also does not state any cognizable claims.

[2] Page numbers refer to CM/ECF page numbers that are stamped at the top of the pages.

ID. Identity theft, and Unfair Business Practices, LTD, LLC, Limited Partnerships, etc."  (FAC at 1, ECF No. 10.)  Plaintiff states:

> **-COMPLAINT:**    **Chattels, chattel paper, chattel note, chattel mortgage, movables, UX'S sex slaves, Security Instrument, Water Assets, Intangibles, Tangibles, General Tangibles, Fixed 3 Assets Good Will Accounting, Fixtures. (Facts in support of underlying Claims).**
>
> **Pins and Possessory Interest, CT Systems, Mercantile Acceptance. Homestead Declarants, Fixed – Virtual internal external and dynamic attachments. (complexity).**
>
> Deprivation of Rights, Deprived of life, Liberty, Freedom secured by the Amendments and the Federal and State Laws and the Constitution, (Membrane info:) to add.
>
> **Ownership and Intellectual property ownership: Chattel Slavery in all it's forms.**

FAC at 3 (emphasis in original).

Plaintiff also states:

> The person and or persons in the UX (girlses) bodies when Plaintiff ISNOT is destroying them and doing God Forbid.  **These people started the UX torture in the beginning of 2012 after they stole 41 years. *Solar Torture see info eye, core, bridge, nasal.***

FAC at 2 (emphasis in original).

The Court finds that Plaintiff's allegations are largely incomprehensible, fanciful, and fail to state a cognizable claim.

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.'   This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  Eminence Capital, LLC, 316 F.3d at 1052.

The Court previously informed Plaintiff of the deficiencies in her complaint and Plaintiff's amendment failed to cure those deficiencies.  Accordingly, the Court finds that further

allowance of amendment would be futile.

### III.

### CONCLUSION AND RECOMMNEDATION

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court further finds that leave to amend should be denied because amendment would be futile.  As Plaintiff's complaint should be dismissed, this Court finds that Plaintiff's motion for injunction should be denied as moot.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed, without leave to amend.  Further, it is HEREBY RECOMMENDED that Plaintiff's motion for injunction be denied as moot.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**November 7, 2016**__

UNITED STATES MAGISTRATE JUDGE