# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERRILL LYNCH, et al.,<br><br>　　　　　Defendants. | Case No.  1:16-cv-01352-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE<br><br>(ECF No. 15) |

　　　　Plaintiff Melanie C. Latronica is appearing pro se and in forma pauperis in this action. On November 7, 2016, the undersigned issued a findings and recommendations recommending that Plaintiff's first amended complaint be dismissed without leave to amend and Plaintiff's motion for injunction be denied as moot.  (ECF No. 11.)  On that same date, the findings and recommendations was served on Plaintiff.

　　　　On November 17, 2016, Plaintiff filed a document which was called "PETITION/MOTION/writ of prohibition."  (ECF No. 15 at 1.)  Plaintiff requests the removal of the undersigned from the case.  The Court construes the filing as a motion to recuse the undersigned.

　　　　A judge is required to recuse himself in any proceeding in which his impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  Under section 455(a), a judge must recuse himself if a reasonable person with knowledge of all the facts would conclude that his

1

impartiality might reasonably be questioned.  Perry v. Schwarzenegger, 630 F.3d 909, 911 (9th Cir. 2011).  Actual bias is not required; "the appearance of impropriety can be a sufficient basis for judicial recusal."  Blixseth v. Yellowstone Mountain Club, LLC, 742 F.3d 1215, 1219 (9th Cir. 2014).  A judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate."  United States v. Sierra Pac. Indus., 759 F.Supp.2d 1198, 1200-01 (E.D. Cal. 2010).  The appearance of impropriety is gauged by how the conduct would be viewed by a reasonable person, not someone who is "hypersensitive or unduly suspicious."  Blixseth, 742 F.3d at 1219 (citations omitted).  The challenged judge is to rule on the legal sufficiency of the recusal motion in the first instance.  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

The question under section 455 is whether a reasonable person would perceive a significant risk that the judge will resolve the case on some basis other than the merits.  United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).  Section 455 "is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial."  Id. at 913-14 (quoting Liteky v. United States, 510 U.S. 540, 554–56 (1994)).  Judicial remarks made during proceedings require recusal only where "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  Blixseth, 742 F.3d at 1221.  Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment."  Liteky, 510 U.S. at 551.  "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).  "Frivolous and improperly based suggestions that a judge recuse should be firmly declined."  Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

The Court finds no grounds upon which recusal in this action would be required.

Plaintiff alleges that the undersigned is biased and has a conflict of interest because "he is amongst those who are described as and or a member of the CSC Lawyers incorporating service company and their registered agents, who are steal defendants on the case original & amended." (ECF No. 15 at 1.) Although Plaintiff cites a conflict of interest, the undersigned is not associated with CSC Lawyers and the undersigned does not have a conflict of interest in this matter. The undersigned does not have a personal bias or prejudice concerning any of the parties in this action or personal knowledge of disputed evidentiary facts concerning the proceeding. See 28 U.S.C. § 455(b)(1).

Plaintiff also alleges that the Court's rulings, comments, and/or conduct, and specifically the November 7, 2016 findings and recommendations, show the undersigned's bias. However, the Court finds that the November 7, 2016 findings and recommendations does not "reveal such a high degree of favoritism or antagonism" as to cause a reasonable person to question the impartiality of the undersigned. Plaintiff's disagreement with an order or findings and recommendations is not sufficient to warrant recusal. See Liteky, 510 U.S. at 555 ("judicial rulings almost never constitute a valid basis for a bias or partiality motion.").

The undersigned find no grounds to question his ability to remain impartial. There is no evidence of any impropriety in the record and Plaintiff does not point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal pursuant to 28 U.S.C. 455. See Liteky, 510 U.S. at 555–56. Therefore, the undersigned will not recuse himself.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse the undersigned (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated: **November 22, 2016**

UNITED STATES MAGISTRATE JUDGE