## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MERRILL LYNCH, et al.,<br><br>  Defendants. | Case No. 1:16-cv-01352-LJO-SAB<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR ARREST WARRANTS AND INJUNCTIONS<br><br>(ECF No. 12, 14)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Melanie C. Latronica, proceeding pro se and in forma pauperis, filed this action on September 12, 2016.

### I.

### PROCEDURAL HISTORY

On September 26, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 5.) On September 27, 2016, Plaintiff filed a complaint dated September 23, 2016, and therefore, it was filed prior to Plaintiff receiving the Court's order dismissing the complaint with leave to amend. (ECF No. 6.) On October 11, 2016, Plaintiff filed a notice that she had received the Court's order dismissing her complaint and that she would be filing an amended complaint. (ECF No. 8.) On October 21, 2016, Plaintiff filed a first amended complaint and a

1

motion for an injunction. (ECF Nos. 9, 10.)

On November 7, 2016, the undersigned issued a findings and recommendations recommending that Plaintiff's first amended complaint be dismissed without leave to amend and Plaintiff's motion for an injunction be denied as moot. (ECF No. 11.) On that same date, the findings and recommendations was served on Plaintiff.

On November 7, 2016, Plaintiff filed a motion for arrest warrants and injunctions. (ECF No. 12.) Plaintiff set a hearing on the motion for December 14, 2016, at 10:00 a.m. before the undersigned. On November 22, 2016, the Court vacated the December 14, 2016 hearing and took the matter under submission. (ECF No. 17.)

On November 17, 2016, Plaintiff filed a document which the Court construed as a motion for the undersigned to recuse himself. (ECF No. 15.) On November 22, 2016, the undersigned denied Plaintiff's motion for recusal. (ECF No. 16.)

On November 17, 2016, Plaintiff filed a document titled "Petition Motion: Writ of Prohibition Mandamus." (ECF No. 14.) The Court construes this motion as another motion for arrest warrants and injunctions.

For the reasons discussed below, the Court recommends that Plaintiff's motions for arrest warrants and injunctions (ECF Nos. 12, 14) be denied.

## II.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

## III.

## DISCUSSION

Plaintiff states in her November 7, 2016 motion for arrest warrants and injunctions that she is seeking arrest warrants against numerous people, including a number of judges. (ECF No. 12 at 3-4.)[1] It appears that Plaintiff alleges that defendants are conducting ongoing torture and are filing unlawful detainer cases and evictions. Plaintiff's November 7, 2016 filing contains a number of delusional, fanciful, and incomprehensible statements similar to the statements she made in her first amended complaint and other filings. For example, Plaintiff states, "human trafficking against Miss Latronica has been going on since she was stolen as a baby and she's NOT-IN-HER-BODY ongoing torture and gross life deprivation. **As of this day; she's still being tortured in UX bodies.**" (ECF No. 12 at 6 (emphasis in the original).)

In Plaintiff's November 17, 2016 motion for arrest warrants and injunctions, Plaintiff asks the Court to stop the named people from torturing Plaintiff. (ECF No. 14.) Plaintiff states that she wants the Court to "dismiss Robert Cole[']s filing of a fraudulent unlawful detainer case only, to please dismiss the summary judgment by means of a Tentative Ruling Announcement signed by John D Freeland and that these Respondents immediately be apprehended for prosecution and that Plaintiff be restored back to her Cottage Home Unit for further Court proceedings in Modesto and in Fresno." (ECF No. 14 at 2.)

### A.   No Likelihood of Success on Plaintiff's Claims

In order to qualify for injunctive relief, Plaintiff must, at minimum, demonstrate a "fair chance of success" that her claims will ultimately prevail on their merits. See, e.g., Johnson v. Calif. State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). This means that Plaintiff must demonstrate some likelihood of obtaining a favorable result in her case in chief. Original Appalachian Artworks v. Topps Chewing Gum, 642 F. Supp. 1031, 1034 (N.D. Ga. 1986); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1005, fn. 3 (9th Cir. 2001). No matter how severe or irreparable the injury asserted, an injunction should never issue if the moving party's claims

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

are so legally untenable that there is virtually no chance of prevailing on the merits. <u>State of Texas v. Seatrain Int'l, S.A.</u>, 518 F.2d 175, 180 (5th Cir. 1975).

The implausibility of the claims asserted by Plaintiff makes it impossible for this Court to conclude there is any likelihood she will ultimately prevail on the merits. The undersigned recommended that Plaintiff's first amended complaint be dismissed without leave to amend on November 7, 2016. (ECF No. 11.) Objections to the findings and recommendations are due by December 12, 2016. If the District Judge adopts the undersigned's findings and recommendations, Plaintiff's first amended complaint will be dismissed without leave to amend and the action will be closed. Therefore, Plaintiff's motions for arrest warrants and injunctions should be denied. Below, the Court sets forth several additional reasons why the Court cannot issue Plaintiff's requested arrest warrants and injunctions.

**B.     Court Cannot Initiate a Criminal Prosecution**

The United States Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. <u>Bowsher v. Synar</u>, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. <u>United States v. Nixon</u>, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to criminally prosecute any individual or issue an order for the arrest of the people Plaintiff requests.

**C.     Federal Court Cannot Direct State Court to Issue Arrest Warrants**

Similarly, under our federal system of government the allocation of powers sets the responsibilities of the states and the federal government. <u>Bond v. United States</u>, 131 S.Ct. 2355, 2364 (2011). This allocation of powers "preserves the integrity, dignity, and residual sovereignty of the States." <u>Id.</u> "The federal balance is, in part, an end in itself, to ensure that States function as political entities in their own right." <u>Id.</u> Plaintiff cites a number of sections of the California Penal Code in her motions for arrest warrants and injunctions. Accordingly, to the extent that Plaintiff is asking the federal court to direct the state court to issue arrest warrants, the federal court does not have the authority to order the state court judges to issue arrest warrants.

### D. Unlawful Detainer Action is Within Province of State Courts

Plaintiff requests the Court dismiss Robert Cole's unlawful detainer action. Based on Plaintiff's filing, it appears that there is a pending or recently completed action for unlawful detainer against her based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of the state courts. See PNC Bank Nat'l Ass'n v. Ahluwalia, No. C 15-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases). Therefore, this Court cannot litigate or interfere with the unlawful detainer action against Plaintiff.

## IV.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for arrest warrants and injunctions (ECF Nos. 12, 14) be DENIED.

This findings and recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 28, 2016**

_____
UNITED STATES MAGISTRATE JUDGE